IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALEXANDER ARCHIE                                                                PLAINTIFF

v.                                                                     CAUSE NO. 1:12CV141-LG-JMR

JOHN ST. JOHN and SCHNEIDER
NATIONAL BULK CARRIERS, INC.                                                   DEFENDANTS

*consolidated with*

KATRINA BLAND                                                                    PLAINTIFF

v.                                                                     CAUSE NO. 1:12CV142-LG-JMR

JOHN ST. JOHN and SCHNEIDER
NATIONAL BULK CARRIERS, INC.                                                     DEFENDANT

<u>ORDER DENYING PLAINTIFFS' MOTIONS TO REMAND</u>

**BEFORE THE COURT** are the Brief Regarding Remand [13] filed by

Alexander Archie and the Brief Regarding Remand [12] filed by Katrina Bland.

The Court has construed these pleadings as Motions to Remand.  Archie and Bland

argue that the amount in controversy required for diversity jurisdiction has not

been satisfied in this case.  Upon reviewing the submissions of the parties and the

applicable law, the Court finds that the Motions to Remand should be denied,

because it appears more likely than not that each of the plaintiffs' claims exceeds

$75,000.

**FACTS**

Archie and Bland filed separate Complaints against John St. John and

Schneider National Bulk Carriers, Inc., alleging that they suffered injuries in an

automobile accident caused by John, an employee of Schneider.  The plaintiffs

assert that Schneider may have violated the Federal Motor Carrier Safety

Regulations, which entitles them to compensatory and punitive damages.  The

plaintiffs each request the following damages: past, present, and future lost wages

and loss of wage-earning capacity; past, present, and future pain and suffering;

past, present, and future medical expenses; loss of consortium; punitive damages;

and past, present, and future mental anguish.  Neither plaintiff specified the

amount of damages sought, but in subsequent Requests for Admissions, Archie

appeared to claim medical bills of $9735.08, and Bland appeared to claim medical

bills totaling $7693.00.  (Def.'s Brief, Ex. A, ECF No. 12-1; Def.'s Brief, Ex. B, ECF

No. 12-2).  Schneider removed the case to this Court, and the Court granted its

Motion to Consolidate the two cases.

United States Magistrate Judge Robert H. Walker, who was formerly

assigned to Bland's case, ordered the parties to provide briefs regarding the amount

in controversy.  Although Bland and Archie never filed a formal motion to remand,

they advocated for remand in separate briefs filed in response to Judge Walker's

Order.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where

the matter in controversy exceeds the sum or value of $75,000, and the civil action

is between citizens of different states.  Archie and Bland are residents of

Mississippi.  John is a resident of Pennsylvania, and Schneider is a Louisiana

corporation that has its principal place of business in Green Bay, Wisconsin.  Thus, the only issue before the Court is whether the amount in controversy is satisfied.

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence.  *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)).  The jurisdictional facts supporting removal must be judged at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  When the complaint does not specify the dollar amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  There are two ways in which the defendant can satisfy this burden.  First, the defendant may show that it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000.  *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003).  If the amount in controversy is not facially apparent, the defendant "may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount."  *Garcia*, 351 F.3d at 639 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In their separate Briefs, both Archie and Bland state, "Defendants [sic] Notice of Removal contains liquidated damages in the amount of $41,792.64 which is far from the required $75,000 jurisdictional minimum and its estimates for the

unliquidated damages is too speculative to sustain its burden of proving that the

amount in controversy will exceed the jurisdictional limit of this Court." (Archie's

Brief at 2, ECF No. 13; Bland's Brief at 2, ECF No. 12).  The Court has not located

any reference to the sum $41,792.64 in Schneider's Notice of Removal.  The

plaintiffs' reference to liquidated damages also causes confusion, since this case

concerns a car accident and liquidated damages are typically contractual in nature.

As a result, it is unclear what portion of the plaintiffs' damages are represented by

this figure exceeding $41,000.[1]  Nevertheless, the Court assumes that the plaintiffs

are referring to fixed damages that they have already incurred, such as lost wages

and medical bills, when they refer to liquidated damages.  When the plaintiffs'

claims for loss of wage-earning capacity, future lost wages, future medical bills,

pain and suffering, emotional distress, and punitive damages are considered in

conjunction with their past lost wages and medical bills exceeding $41,000, the

Court must conclude that it is more likely than not that each of the plaintiffs'

claims exceeds $75,000.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiffs' Motions to

Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Brief

Regarding Remand [13] filed by Alexander Archie and the Brief Regarding Remand

---

[1] The plaintiffs' Briefs were filed in separate lawsuits; thus, it appears that each plaintiff is separately alleging "liquidated" damages exceeding $41,000.

[12] filed by Katrina Bland, which have been construed as Motions to Remand, are

**DENIED**.

> **SO ORDERED AND ADJUDGED** this the 18th day of July, 2012.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE